IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>LA PORTE CONSTRUCTION, INC., *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DIRECT ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**<br><br>Case No. 2:16-cv-00032-JNP-EJF<br><br>District Judge Jill N. Parrish |

Before the Court is Plaintiff International Fidelity Insurance Company's ("IFIC") Motion to Direct Entry of Final Judgment Under Rule 54(b) (ECF No. 71). IFIC asks the Court to enter a final judgment as to the claims dismissed by the Court's March 2, 2017 Memorandum Decision and Order (ECF No. 69). The Dismissed Defendants[1] do not oppose the relief IFIC seeks. However, they seek certain safeguards if IFIC succeeds on appeal. For the reasons set forth below, the Court grants IFIC's motion subject to the safeguards requested by the Dismissed Defendants.

---

[1] The Dismissed Defendants are comprised of the defendants that were dismissed pursuant to this Court's March 2, 2017 Memorandum Decision and Order: Amberley Properties I, LLC; Amberley Properties II, LLC; Andalucia Properties, L.L.C.; Barcelona Properties, LLC; Bracken Properties, L.L.C.; Dundee Properties, L.L.C.; Edinburgh Properties, L.L.C.; Farquhar Properties, L.L.C.; Glenfinnan Properties, L.L.C.; Inverness Properties, L.L.C.; Jameson Commercial Properties, L.L.C.; Jameson Properties, L.L.C.; Kilmarnock Properties, L.L.C.; McGregor Properties, L.L.C.; Oban Properties, L.L.C.; Portree Properties, L.L.C.; and Raasay Properties, L.L.C.

# I. BACKGROUND

This dispute arises out of Plaintiff IFIC's attempt to enforce an Indemnity Agreement against more than sixty defendants. Benjamin Logue was involved in the La Porte Construction Project, and he secured contractor and performance bonds from IFIC. IFIC prepared certain Resolutions and an Indemnity Agreement, and Mr. Logue unilaterally executed the Resolutions and Indemnity Agreement purportedly on behalf of the Dismissed Defendants, unilaterally representing to IFIC that he was the managing member of each of the Dismissed Defendants.

But each of the Dismissed Defendants' publicly available articles of organization identify them as a single-purpose LLC with a clearly delineated single purpose. The Dismissed Defendants do not have a financial, material, or beneficial interest in the La Porte Construction Project. Nor was Mr. Logue the managing member of any of the Dismissed Defendants (with the exception of Andalucia Properties). And none of the Dismissed Defendants authorized Mr. Logue to execute the Resolutions or Indemnity Agreement on their behalf.

After difficulties arose with the completion of the La Porte Construction Project, IFIC served La Porte with a Notice of Default and Termination and made a demand under the bonds. IFIC also sued to enforce its purported rights under the Indemnity Agreement on claims of indemnity, specific performance, and *quia timet* relief.

The Dismissed Defendants moved to dismiss IFIC's claims against them on the grounds that Mr. Logue lacked authority to execute the Resolutions or Indemnity Agreement on their behalves. After a hearing and extensive briefing, this Court agreed and converted the Dismissed Defendants' motions to dismiss into motions for summary judgment.

The Court granted the Dismissed Defendants' motions, finding, among other things, that (1) "[n]one of the Movants ever authorized Mr. Logue to sign the Indemnity Agreement or Resolution on their behalf," (2) that "Mr. Logue lacked authority as a matter of law to execute

the Indemnity Agreement on behalf of each Movant," and (3) that IFIC had expressly disclaimed any argument that Mr. Logue had apparent authority to execute the Resolutions or Indemnity Agreement. IFIC now asks the Court for an entry of final judgment on the dismissed claims pursuant to Federal Rule of Civil Procedure 54(b).

## II. DISCUSSION

Rule 54(b) is an exception to the final-judgment rule. *Waltman v. Georgia-Pacific, LLC*, 590 Fed. App'x 799, 808 (10th Cir. 2014). Under the Rule, a district court may direct a final judgment as to one or more but fewer than all of the claims or parties (thus making a ruling immediately appealable), so long as the court determines "that there is no just reason for delay." Fed. R. Civ. P. 54(b). To be proper, a Rule 54(b) certification must contain three features: (1) it must stem from a lawsuit involving multiple claims; (2) it must represent a final decision as to at least one of the claims; and (3) it must include the district court's express determination "that there is no just reason for delay." *Waltman*, 590 Fed. App'x at 809-10 (quoting Fed. R. Civ. P. 54(b)). If one of the three features is lacking, the court of appeals will not have jurisdiction. *Id.*

### A. LAWSUIT INVOLVING MULTIPLE CLAIMS

The lawsuit involves multiple claims against multiple defendants. Thus, the first requirement for a Rule 54(b) certification is satisfied.

### B. FINAL DECISIONS ON AT THE CLAIMS AT ISSUE

To be considered "final," an order must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claim action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). As such, "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001).

Some factual overlap between a dismissed claim and a remaining claim does not necessarily preclude Rule 54(b) certification. An adjudicated claim that arises out of the same transaction or occurrence as an unadjudicated claim, as is the case here, can qualify for Rule 54(b) certification if the court of appeals is satisfied that there was "no abuse of discretion." *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956); *see also Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973) ("Admittedly many of the same facts will be used to prove both counts, but the facts necessary to prove [Count I] need not be totally identical to those proving [Count II]. We hold appellants' complaint sufficiently states two separate claims for relief as required by Rule 54(b).").

Here, the dismissed claims are distinct and separable from the claims left unresolved. IFIC asserted separate claims under the Indemnity Agreement against each of the Dismissed Defendants. Although all of the claims are based on breach of the Indemnity Agreement and IFIC has (or will have) a set amount of damages for which it will seek to hold each defendant liable, these issues were not central to the Court's Memorandum Decision and Order. That is, the legal issues that are common to the dismissed and remaining claims—whether the Indemnity Agreement was breached and the extent of damages—will not be addressed on appeal.

The critical inquiry relating to dismissal of the Dismissed Defendants was whether an unauthorized representative of the Dismissed Defendants had signed the Indemnity Agreement. This Court reviewed the operating agreements for each of the Dismissed Defendants to determine who was authorized to sign on their behalves. As such, consideration of the motions to dismiss was individual to each Dismissed Defendant based on the identity of its authorized agent. Ultimately, this Court determined that no authorized representative had executed the Indemnity Agreement on behalf of each of the Dismissed Defendants.

Moreover, the relief sought by IFIC against each defendant is unique. IFIC generally seeks (1) repayment of the amounts expended under the relevant bonds and (2) security and collateral to protect IFIC against potential future losses. But the precise relief requested is specific to each indemnitor. Under the Indemnity Agreement, IFIC has a security interest in "all tangible or intangible personal property and fixtures owned by the Contractor and Indemnitors, wherever located or situated and whether now owned or hereafter acquired." Thus, the relief IFIC seeks is specific to each indemnitor and dependent on what the indemnitor owns.

In sum, the Court has completely disposed of the claims against the Dismissed Defendants and the claims that the Court dismissed are distinct and separable from the unresolved claims. As such, the second requirement for Rule 54(b) certification is satisfied.

### C. NO JUST REASON TO DELAY REVIEW

There is no just reason to delay review. If this Court's Memorandum Decision and Order is certified as final, IFIC can appeal the dismissed claims while pursuing the remaining claims. The appeal may be resolved before the remaining claims go to trial, and if IFIC prevails on appeal, it may be able to conduct discovery in time to pursue the dismissed claims at trial along with the remaining claims. This would require only a single ruling on the issues of whether the contract was breached and the extent of damages. Moreover, the Dismissed Defendants do not oppose IFIC's request. Accordingly, the entry of a final judgment is likely to allow for a more efficient use of resources. *See Gas-A-Car*, 484 F.2d at 1105 ("Failure to hear the appeal at this time would necessitate a piecemeal approach at the trial level."); *U.S. Golf Ass'n v. St. Andrews Sys., Data-Max, Inc.*, 749 F.2d 1028, 1031 n.5 (holding that entry of a final judgment was proper because it allowed clarification of the issues for trial and ensured that a trial on the remaining issues would not be set aside based on an error made by the district court with respect to the issues on appeal).

In sum, there is no just reason to delay review, especially in light of the fact that Dismissed Defendants do not oppose the entry of a final judgment. Thus, the third requirement for Rule 54(b) certification is met.

D. **REQUESTED PROTECTIONS**

While the Dismissed Defendants do not oppose certification, they ask for certain protections if IFIC succeeds on appeal. First, the Dismissed Defendants "expressly reserve their right to challenge on remand any and all rulings and determinations pertaining to the Remaining Defendants that may affect the Dismissed Defendants' rights, defenses, or arguments." Second, the Dismissed Defendants ask that "IFIC should not be able to argue that positions or defenses presented by the Dismissed Defendants are precluded under doctrines such as res judicata, collateral estoppel, or law of the case." Third, the Dismissed Defendants ask that the Court not hold them to "the trial schedule, rulings, or arguments presented in the ongoing proceedings continuing against the Remaining Defendants." Such requests and reservations are reasonable, and the Court therefore incorporates them in this Order.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Direct Entry of Final Judgment Under Rule 54(b) (ECF No. 71) subject to the protections of Dismissed Defendant's rights outlined above. IT IS HEREBY ORDERED, ADJUDGED, and DECREED that final judgment is entered in favor of the Dismissed Defendants and against Plaintiff on all claims.

//

//

//

//

Signed October 17, 2017

                          BY THE COURT

                          _____
                          Jill N. Parrish
                          United States District Court Judge