FILED
2021 NOV 19 AM 10:37
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LA PORTE CONSTRUCTION, INC., *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**<br><br>Case No. 2:16-cv-00032-JNP<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff International Fidelity Insurance Company's ("IFIC") motion to amend the judgment against Defendants Benjamin Logue ("Mr. Logue"), Lisa Marie Logue ("Mrs. Logue"), La Porte Construction, Inc. ("La Porte Construction"), and La Porte Management, Inc. ("La Porte Management") (collectively, "Defendants").

## BACKGROUND

This action arises out of the development and construction of a high-density, mixed-use residential and commercial project in downtown Salt Lake City known as the Plaza at State Street (the "Plaza"). Tannach Properties hired La Porte Construction, with Mr. Logue as its president and principal, as the general contractor for the Plaza. IFIC furnished contractor performance and payment bonds to La Porte Construction for the Plaza project.

After securing the bonds from IFIC, La Porte Construction began work on the Plaza. But the project faced severe hardships. As a result, La Porte Construction indefinitely suspended work on the Plaza. La Porte Construction's subcontractors and suppliers made claims on the payment bonds and Citibank made a claim on the performance bonds. On February 12, 2019, this court

granted partial summary judgment in favor of IFIC. In ruling on the partial summary judgment motion, the court recognized that IFIC still had two outstanding claims on bonds that were in the process of being litigated—Citibank's claim on the performance bonds and Bragg Crane's claim on the payment bonds. On March 7, 2019, the court entered a judgment against Defendants in the amount of $1,320,176.66, plus post-judgment interest. The court also granted a lien on Defendants' property in the amount of $16,300,000.00. The lien reflected the fact that IFIC anticipated further losses and expenses on the bonds after the judgment date.

On October 10, 2019, IFIC paid Citibank $5,000,000.00 to settle its performance bonds claim. On June 30, 2021, IFIC paid Bragg Crane $220,000.00 to settle Bragg Crane's payment bonds claim. IFIC asserts that it incurred $770,547.19 in expenses in defending against these two claims. IFIC has received $608,222.71 in reimbursements from its insurer since January 19, 2019.

IFIC now moves to amend the judgment. It requests to augment the judgment from $1,320,176.66 to $6,781,940.05. The proposed augmentation consists of the following, less the $608,222.71 paid by IFIC's insurance company:

- Losses on the bonds from January 22, 2019 through June 30, 2021: $5,220,000.00
- Expenses from January 22, 2019 through June 30, 2021: $770,547.19
- Post-judgment interest: $79,438.91

In addition, IFIC seeks to retain its lien in the estimated amount of enforcing and collecting on the amended judgment. IFIC avers that its collection company will charge no more than 33.3% of the amended judgment amount to collect the judgment. Accordingly, IFIC requests that the lien be reduced to $2,260,420.62, or 33% of the amended judgment amount.[1]

---

[1] In its initial motion, IFIC requests that the lien be reduced from $16,300,000.00 to $9,494,716.07, the sum of the amended judgment and the maximum estimated cost of enforcing the judgment. *See* ECF No. 148-2, at ¶ 18. In its reply brief, IFIC instead requests that the lien be reduced to the

## ANALYSIS

The court first considers Defendants' evidentiary objections, and then it turns to Plaintiff's requested amendments.

## I. EVIDENTIARY OBJECTIONS

Defendants object to the evidence submitted by IFIC as part of its reply brief. Defendants argue that the motion to amend the judgment is in the nature of a motion for summary judgment, and thus Federal Rule of Civil Procedure 56 and DUCivR 56-1(d) should govern. ECF No. 164, at 1. As such, Defendants argue that no new evidence is permitted in connection with a reply brief. *See* DUCivR 56-1(d).

But IFIC's motion to amend the judgment is not a motion for summary judgment. The motion lacks any indicia of a Rule 56 motion. It does not identify any claim or defense on which IFIC seeks summary judgment because the court has already resolved all claims and defenses in this case. *See* ECF No. 145. And a summary judgment motion may only be filed "until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). Because judgment in this case was entered on March 7, 2019, ECF No. 145, summary judgment is no longer available.

Rather, IFIC's filing is a motion to amend the judgment submitted pursuant to the court's February 12, 2019 order granting partial summary judgment. The court directed IFIC to submit declarations to establish any additional losses and expenses IFIC incurred after the date of the judgment. ECF No. 136, at 17. The Fetzer, Bachman, and Tanzola declarations serve that purpose. The court will therefore consider them in ruling on the motion to amend the judgment.

---

amount of the expenses it anticipates it will incur in enforcing the judgment. *See* ECF No. 163, at 12-13. At oral argument, counsel for IFIC acknowledged that IFIC was not entitled to the amount originally requested and affirmed the request contained in the reply brief. Since the reply brief postdates the motion, the court will consider the request in the reply brief.

## II. DISPUTED AMENDMENTS

IFIC's motion to amend the judgment consists of four categories of requests: (1) loss augmentation; (2) expenses augmentation; (3) post-judgment interest augmentation; and (4) lien reduction. The court will address each request in turn. The court will then consider any remaining, unaddressed arguments by Defendants.

### A. *Loss Augmentation*

To evaluate IFIC's proposed loss augmentation, the court turns to its February 12, 2019 order granting partial summary judgment. In the event of additional losses or expenses on the part of IFIC, the order provides that

> [t]he Judgment Amount shall be augmented by the amount of additional losses and expenses IFIC incurs after the date of this Judgment by reason of having executed the Bonds and in enforcing or collecting on this Judgment . . . . The amount of such additional losses and expenses as well as the amounts, if any, obtained by IFIC from enforcing this Judgment shall be established by the declaration of an officer of IFIC filed with the Court.

ECF No. 136, at 17. At the time of summary judgment, the court recognized that IFIC potentially faced additional liability "stem[ming] from the pending lawsuits under the Bonds including the Citibank Action under the Performance Bonds and the Bragg Action under the Payment Bonds." *Id.* at 11. Indeed, the court explicitly recognized that "the damages from those actions are uncertain." *Id.* at 12. In granting the lien, the court recognized that the subsequent damages could range up to $16,300,000.00.

Given the court's previous order, it is no surprise that IFIC now approaches the court to augment the judgment. IFIC settled each of the pending lawsuits, resulting in "additional losses . . . by reason of having executed the Bonds." *Id.* at 17. Frank Tanzola ("Tanzola") declares, on behalf of IFIC, that IFIC paid $5,000,000.00 to settle Citibank's performance bonds claim and $220,000.00 to settle Bragg Crane's payment bonds claim. Tanzola provides documentary

evidence of both settlements. ECF No. 148-2, at 16, 26. The court is satisfied that IFIC has established $5,220,000.00 in losses on the Bonds following the February 12, 2019 order.

Defendants respond that IFIC failed to reasonably mitigate its damages when litigating against Citibank and Bragg Crane. Thus, Defendants argue, the court should not permit IFIC to pass on the cost of its allegedly unreasonable settlement decisions to Defendants. In support, Defendants point to Mr. Logue's belief that IFIC could have successfully defended against claims by Citibank and Bragg Crane. ECF No. 154, at 10-13.

But the Indemnity Agreement between Defendants and IFIC merely requires IFIC to act in good faith. And Defendants have submitted no evidence that IFIC acted in bad faith when it elected to settle the claims brought by Citibank and Bragg Crane. Under the Indemnity Agreement between Defendants and IFIC, "good faith" means "honesty in fact and the absence of wilful misfeasance or malfeasance." ECF No. 2-2, at 5. The court finds no evidence of willful misfeasance or malfeasance. In both cases, IFIC vigorously litigated against the claims and ultimately made a reasoned decision to settle the cases. *See Fed. Ins. Co. v. McKane*, 312 F. App'x 351, 352 (2d Cir. 2008) (unpublished) (finding the insurer acted in good faith where the insurance company "enter[ed] into the Settlement Agreement with [a third party] in order to avoid what it believed would be a costly litigation with the risk of an adverse judgment"). In the Citibank case, IFIC asserted seven defenses in its motion for summary judgment against the Citibank claim, including several of the defenses suggested by Mr. Logue. But the court still denied summary judgment. In light of the circumstances, it was reasonable for IFIC to settle—particularly when the settlement for less than one-third of the initial claim avoided potentially enormous liability. Similarly, IFIC settled the Bragg Crane claim after losing multiple dispositive motions. The court cannot find bad faith where IFIC lost multiple dispositive motions and proceeded to settle the case. Indeed, counsel

for Defendants conceded at oral argument that he could point to no evidence of bad faith. Because all parties agree that IFIC acted in good faith to settle both claims, the court "avoid[s] second-guessing tactical considerations" by IFIC. *State v. Newman*, 928 P.2d 1040, 1043 (Utah Ct. App. 1996). IFIC is thus entitled to augment the judgment by the amount of the additional losses incurred on the bonds since the court's prior judgment. The court ORDERS the judgment augmented by $5,220,000.00.

### B. *Expenses Augmentation*

The court's order also provided that IFIC could augment the judgment by "additional . . . expenses IFIC incurs after the date of this Judgment by reason of having executed the Bonds." ECF No. 136, at 17. Defendants argue that IFIC must establish its expenses according to DUCivR 54-2(f), which requires parties to file a motion for attorneys' fees accompanied by an affidavit of counsel establishing the justification for the award of attorneys' fees. IFIC counters that the court is governed solely by the February 12, 2019 order, which states that the amount of additional expenses "shall be established by the declaration of an officer of IFIC filed with the Court." ECF No. 136, at 17.

The court's February 12, 2019 order is based on the Indemnity Agreement between the parties, which provided that Defendants would indemnify IFIC for any "expenses of whatsoever kind or nature," which includes "cost of services rendered by counsel." ECF No. 127, at 2. But an underlying contract regarding attorneys' fees "does not mean . . . that the trial court should simply award the full amount billed by the prevailing party's attorneys." *U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987). "Clearly," the Tenth Circuit has stated, "the trial court has discretion to adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable." *Id.*

6

Tanzola filed a declaration with the court establishing the total amount of expenses by reason of having executed the Bonds as $770,547.19. ECF No. 148-2, at ¶ 12. But the court declines to accept Tanzola's declaration without accompanying information about the work performed and billing rates paid to attorneys and expert witnesses. *See Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1241 (10th Cir. 2018) ("Under Utah law, 'an award of attorney fees must be supported by evidence in the record.'" (quoting *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988)). The court takes seriously its responsibility to avoid awarding fees that are "inequitable or unreasonable." *See U.S. for Use of C.J.C., Inc.*, 834 F.2d at 1548. As such, the court refuses to rubber stamp an expense award, including attorneys' fees and other fees, without first validating that they are reasonable.[2] The court's oversight is particularly important where, as is the case here, the attorneys charging the fees are not accountable to the individuals paying the fees. Where the billing attorneys have no relationship with the payor that would allow the payor to insist on a reasonable rate or expenditure of time, the court provides the only backstop to ensure that such fees are reasonable. Accordingly, the court ORDERS IFIC to submit documentation of the hourly rates, billed hours, work performed, and other pertinent information justifying its request that the court augment the judgment by $770,547.19 by December 13, 2021. Upon receipt of that documentation, the court will determine any appropriate expense augmentation to include in the amended judgment.

### C. Post-Judgment Interest Augmentation

IFIC also seeks to augment the judgment by adding post-judgment interest. Where the parties do not contract for a post-judgment interest rate percentage, 28 U.S.C. § 1961 applies. *See*

---

[2] At oral argument, counsel for IFIC conceded that this court has complete discretion to modify its prior judgment. The court exercises this discretion to ensure that any fees awarded are reasonable.

*In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009). Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court." Such interest should be "computed daily to the date of payment" and should "be compounded annually." *Id.* § 1961(b). The interest should be calculated at a rate of "weekly average 1-year constant maturity Treasury yield" rate "for the calendar week preceding[] the date of the judgment." *Id.* § 1961(a).

According to calculations by Lisa Hilden, a paralegal at Fetzer Booth, P.C., Defendants owe $79,438.91 for the period from entry of the judgment on March 7, 2019 through June 30, 2021. ECF No. 148-3, at ¶ 6. Ms. Hilden's calculations accurately reflect the mandated interest rate with yearly compounding. Accordingly, the court ORDERS the judgment augmented to reflect $79,438.91 in post-judgment interest.

### D. Lien Reduction

Finally, IFIC requests that the court reduce the lien from $16,300,000.00 to $2,260,420.62. The February 12, 2019 order provides that "[t]he Judgment Amount shall be augmented by the amount of additional . . . expenses IFIC incurs after the date of this Judgment by reason of . . . collecting on this Judgment." ECF No. 136, at 17. IFIC states that it has agreed to pay a 33%[3] contingency fee to its collections agency, JOMAX. Therefore, IFIC requests that the court reduce the lien amount to 33% of the amended judgment, or $2,260,420.62.

Defendants argue that the court should release the lien in its entirety because it has been rendered moot by IFIC's resolution of the bond claims. But the court previously held that the lien would be released "only on the condition that IFIC has been released from all liability on the Bonds and reimbursed for all losses and expenses it sustains or incurs by reason of executing the Bonds

---

[3] IFIC initially represented that the cost of enforcing and collecting the amended judgment would be 40% of the judgment amount, or $2,712,776.02. IFIC later amended this assertion to claim that its agreement with JOMAX sets a 33.33% contingency fee, not a 40% fee.

and in enforcing or collecting on this Judgment." ECF No. 136, at 18. Since IFIC still has outstanding, unreimbursed expenses, the court declines to release the lien.

The February 12, 2019 order permitted a lien in light of IFIC's "additional and substantial anticipated Losses" that, unlike past losses, could not be remedied by a judgment for contract damages. ECF No. 136, at 13. As of the date of this order, all outstanding claims against the Bonds have been resolved. Accordingly, the only potential liabilities remaining are the expenses (which remain to be resolved upon IFIC filing more detailed documentation of its expenses) and the collection fee. While the court expresses skepticism that the actual cost of collecting the judgment will exceed two million dollars, the court will reduce the lien to $2,260,420.62, or the alleged cost of collecting the judgment.[4]

The court emphasizes that this lien is not perpetual. Once the judgment is discharged, whether by payment or bankruptcy, the lien no longer serves any purpose. *See In re Lopez*, 345 F.3d 701, 710 (9th Cir. 2003) ("Section 524(a) [of the Bankruptcy Code] permanently enjoins all creditor actions to collect debts discharged under § 727."). The sole justification for the lien is to cover the cost of collecting the judgment—not to cover the cost of the judgment itself or any other expense. If, for example, the Logues file bankruptcy, then all debts, including the judgment, will be discharged through the bankruptcy proceedings and there will no longer be any costs associated with collecting the judgment. Thus, the lien should be extinguished upon filing of bankruptcy by the Defendants.

---

[4] The court notes that its February 12, 2019 order instructs that "[t]he lien amount shall be reduced by any amounts augmenting the Judgment amount." ECF No. 136, at 18. Under this rubric, the lien should be reduced by $5,299,438.91 (the total amount by which the court augments the judgment)—from $16,300,000.00 to $11,000,561.09. But since IFIC moves the court to reduce the lien to $2,260,420.62, ECF No. 163, at 20, the court declines to impose a lien for any greater amount.

Finally, the court issues a warning to IFIC regarding the collection expenses. Were the collection to take only a limited amount of time, over two million dollars to cover the cost of collection would be clearly unreasonable. *See Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 609 (11th Cir. 2014) (per curium) (finding that the patient's agreement with the practice "to pay all costs of collection" did not authorize the debt collector to add a 33.3% collection fee to his account); *Express Recovery Servs., Inc. v. Shewell*, 171 P.3d 451, 454 (Utah Ct. App. 2007) (finding that "without [plaintiff] having filed an affidavit detailing the collection costs incurred, [the court] cannot conduct a meaningful review to determine whether or not the collection commission was" "excessively disproportionate to the actual collection costs incurred"). And such an extravagant fee would contravene the court's order. The court's order permits IFIC to augment the judgment by expenses incurred in collecting the judgment. That is, Defendants must pay the *actual* costs of collection; the order does not require Defendants to pay a collection agency's percentage-based fee where that fee does not correlate to the cost of collection. *See Bradley*, 739 F.3d at 609-10 (rejecting a 33.3% collection fee where the collection fee "was assessed *before* [the debt collector] attempted to collect the balance due" and the court had no evidence that 33.3% "b[ore] any correlation to the *actual* cost of [debt collector's] collection effort"). Therefore, upon collection of the judgment, IFIC may submit a motion justifying the addition of the collection fee to the judgment. IFIC's motion should explain how the collection fee listed reasonably reflects the collection agency's actual costs of collection. If, conversely, Defendants enter into bankruptcy proceedings, the court ORDERS that the lien shall be extinguished upon bankruptcy filing.

### E. Miscellaneous Arguments

Defendants raise three additional arguments that the court has not yet addressed. First, Defendants argue that the Forbearance Agreement requires IFIC to engage in meaningful

discussions with Defendants before this court can consider the motion to augment the judgment. But the Forbearance Agreement says no such thing. The Agreement makes no mention of a motion to augment the judgment, nor does it place any limitations on IFIC moving to augment the judgment. ECF No. 155-2, at 2. And it provides no relief from the judgment or from augmentation of the judgment in the event IFIC does not comply with the agreement. *Id.*

Second, Defendants argue that the Verified Statement of Judgment by Confession ("the Statement") is void. The court assumes that Defendants seek to render the Statement unenforceable in order to void the court's judgment that relies on the Statement. If Defendants' ultimate goal is to void the court's judgment, Federal Rule of Civil Procedure 60 governs. To obtain relief for a final judgment, other than a correction based on a clerical mistake, Rule 60 requires that the party seeking to void the judgment file a motion within a reasonable time explaining the basis for relief. FED. R. CIV. P. 60(b)-(c). Because Defendants have submitted no Rule 60 motion, the court declines to revisit the final judgment or the validity of the underlying Statement.

And finally, Defendants argue that the Statement does not bind Mrs. Logue because she never signed it. But in its February 12, 2019 order, the court conducted an independent summary judgment analysis of the claims against Mrs. Logue. *See* ECF No. 136, at 1 ("Pursuant to the Verified Statement, the court hereby GRANTS the Motion for Partial Summary Judgment as to the Confessing Defendants. The court now evaluates the Motion on the merits as to Mrs. Logue."). Accordingly, Defendants' argument is immaterial because the court entered summary judgment on the claims against Mrs. Logue without regard to the Statement.

## CONCLUSION

The court GRANTS IN PART and DENIES IN PART IFIC's motion to amend the judgment. Specifically, the court GRANTS IFIC's motion with regard to the loss augmentation

($5,220,000.00) and post-judgment interest augmentation ($79,438.91). The court further GRANTS IFIC's motion to reduce the lien. The lien shall be reduced to $2,260,420.62. The court DENIES IFIC's motion with regard to expenses augmentation. The court ORDERS IFIC to submit documentation of the hourly rates and other pertinent information justifying its request that the court augment the judgment by $770,547.19 for expenses in defending against the bond claims by December 13, 2021.

DATED November 19, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge